LEE E. SHELDON, Bar No. 263310
lsheldon@littler.com
ALVIN ARCEO, Bar No. 342387
aarceo@littler.com
LITTLER MENDELSON, P.C.
101 Second Street, Suite 1000
San Francisco, California 94105
Telephone:   415.433.1940
Facsimile:   415.399.8490

Attorneys for Defendant,
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DE VERA,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED AIRLINES, INC. ET AL.,<br><br>              Defendant. | Case No.  3:25-cv-07814<br><br>**DEFENDANT, UNITED AIRLINES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>State Court Complaint Filed: July 29, 2025<br><br>*[Alameda County Superior Court Case No. 25CV133281]* |

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                    CASE NO.  3:25-cv-07814

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARIO DE VERA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332(a) 1441(a) and 1446, defendant, UNITED AIRLINES, INC. ("Defendant" or "United") hereby removes the above-captioned action from the Superior Court for the State of California, in and for the County of Alameda to the United States District Court, for the Northern District of California.  Removal is based upon the original jurisdiction of this Court under 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a). This action is removed pursuant to the procedures in 28 U.S.C. §§ 1441 and 1446.

### PLEADINGS, PROCESS, ORDERS AND PROCEDURAL HISTORY

1.   Plaintiff MARIO DE VERA ("Plaintiff") filed this action against Defendant on July 29, 2025, in the Superior Court of California, County of Alameda, in a case entitled *Mario De Vera v. United Airlines, Inc. et al*, Case No. 25CV133281, asserting the following claims: (1) Wrongful Termination; (2) Age Discrimination; (3) Retaliation; and (4) Harassment. *See* Declaration of Lee E. Sheldon ("Sheldon Decl."), ¶¶ 2-3, **Ex. A** ("Compl.").  Per the Notice to Complainant of Right to Sue, Plaintiff is bringing these claims under the provisions of the Fair Employment and Housing Act (the "FEHA"). *See Id.*, California Civil Rights Department Notice of Complainant of Right to Sue ("Right to Sue").

2.   On August 13, 2025, the state court action was served on United. *Id.* at ¶ 3. True and correct copies of the Complaint and related documents in the state court action are attached hereto as **Exhibit A** and constitute all process, pleadings, and orders purported to be served on Defendant in this action.  *Id*.

3.   **Exhibit A** attached herewith satisfies the requirements of 28 U.S.C. § 1446(a). *Id.*, **Ex. A**. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in or issued from the Superior Court for the State of California, Alameda County, nor has any party served any pleadings other than as described.

### VENUE

4.   Plaintiff filed this action in the Superior Court for the State of California, County of Alameda. The United States District Court for the Northern District of California embraces the place where the State Court Action is pending. 28 U.S.C. § 84(a). Therefore, this Notice of Removal has been properly filed within this District. *See* 28 U.S.C. §§ 84(a), 1441(a) ("any civil action brought in a State

court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending…").

### TIMELINESS OF REMOVAL

5.      A notice of removal in a civil action must be filed within 30 days after service of the summons and complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint). Plaintiff filed the Complaint on July 29, 2025, but served the Summons and Complaint upon Defendants on August 13, 2025. Sheldon Decl., ¶¶ 2 and 3, **Ex. A**. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was served with the Summons and Complaint and within one year after commencement of this action.

### REMOVAL JURISDICTION: DIVERSITY OF CITIZENSHIP

6.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states and it appears on the face of the Complaint that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**Complete Diversity Exists**

7.      For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

Plaintiff is a Citizen of California:

8.      For diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). According to Plaintiff's Civil Case Cover Sheet, he is a resident of California, specifically Plaintiff is a resident of the State of California, County of San Joaquin. Sheldon Decl., ¶ 3,

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                3            CASE NO.  3:25-cv-07814

**Ex. A**, (Civil Case Cover Sheet). Further, Plaintiff's employment records kept in the ordinary course of United's business establish that during all relevant times, Plaintiff's residence was in California. *See* Declaration of Delzy Rosa Craig ("Craig Decl."), ¶ 9.

9. Upon information and belief, at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. (*Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) [a party may allege citizenship on information and belief.].)

<u>United is a Citizen of Illinois and Delaware:</u>

10. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . .where it has its principal place of business." A corporation's principal place of business is identified pursuant to the "nerve center" test, set forth in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under the "nerve center" test, a company's principal place of business is in the state where a corporation's high-level officers "direct, control, and coordinate the corporation's activities"—typically the corporation's headquarters. *Id*. at 92–93.

11. United is a corporation organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. Craig Decl., ¶¶ 10-11. Consequently, United is not a citizen of California for diversity purposes. *Hertz Corp.*, 559 U.S. at 92-93.

**The Amount in Controversy Exceeds $75,000**

12. Under 28 U.S.C. § 1332(a), federal courts have jurisdiction over civil suits "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014). "[R]emoval of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

13. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002).

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

The Court must consider all recoverable damages, including liquidated damages and punitive damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (superseded by statute on other grounds).

14.     In his Complaint, Plaintiff alleges significant injuries from age discrimination, harassment, wrongful termination, and retaliation. While Plaintiff has not alleged the specific damages he is seeking to recover, as described below, taken together, the potential damages far exceed $75,000.

15.     Prevailing plaintiffs in wrongful termination employment cases are generally entitled to past and future loss of earnings. *Villacorta v. Cemex Cement, Inc.*, 221 Cal. App. 4th 1425, 1432 (2013); *see also Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.").

16.     Plaintiff was employed as an AC Interior Repair Technician at United from April 2, 1990 until October 1, 2008 and as a Mechanic from July 10, 2023 to present. Craig Decl., ¶ 2. In 2008, United implemented programs to help offset the need for thousands of involuntary furloughs. *Id.*, ¶ 3. These initiatives included voluntary leave of absence options, early retirement incentives, and other alternatives for employees, as the company downsized its fleet and workforce in response to challenging market conditions. *Id.* On or about October 1, 2008, Plaintiff agreed to separate from United as part of the Mechanic and Related Employee (IBT Represented) Early Out Program ("Early Out Program"). *Id.*, ¶ 4. At all times during Plaintiff's employment, Plaintiff was and is a member of a union, represented by The International Brotherhood of Teamsters ("IBT" or the "Union"). *Id.*, ¶ 5. Attached hereto as **Exhibit 1** to Craig's declaration is a true and correct copy of the Joint Collective Bargaining Agreement, 2023-2024 ("CBA"), which currently covers Plaintiff's employment. *Id.*, ¶ 5, **Ex. 1**. As part of the Early Out Program, Plaintiff was, *inter alia*, paid a substantial severance and provided a travel benefit which stated, "[c]ommencing with the exit date, participants in the Early Out Program are entitled to retire pass travel benefits on the same terms and subject to the same conditions, present and future, as retirees." *Id.*, ¶ 6, **Exhibit 2**, (Mechanic and Related Employee (IBT Representation) Early Out Program ("Early Out

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                    5                CASE NO. 3:25-cv-07814

Program")).  At the time of his separation in 2008, Plaintiff worked full time (at least 40 hours a week) and his hourly rate of pay was $31.37/hr. *Id.* at ¶ 8.

17.     Although United denies any liability as to Plaintiff's claims, approximately 203 months have passed since October 1, 2008 (Plaintiff's original separation). Assuming Plaintiff can establish liability on his allegations related to one or more of his alleged FEHA claims, Plaintiff could seek to recover approximately $1,018,897.60 in lost earnings, as calculated as follows $5,019.20/month (based on his hourly rate in 2008 ($31.37) x 40 hr/wk x 4 wks/mo) x 203 months (representing the time period of October 1, 2008 to September 2025).

18.     Thus, Plaintiff's potential recovery, on backpay alone, greatly exceeds the $75,000 amount in controversy requirement and totals $1,018,897.60 exclusive of interest and costs that Plaintiff may also seek to recover if he prevails on the alleged FEHA claims. As Plaintiff and United are each citizens of different states, the Court has proper diversity jurisdiction over this matter.

## REMOVAL JURISDICTION: FEDERAL QUESTION

19.     This Court also has original jurisdiction over this action pursuant to 28 U.S.C. section 1331 because it arises "under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331; *see also* 29 U.S.C. § 185(a).  Specifically, Plaintiff's state-law claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 181.

20.     As noted above, Plaintiff's Complaint alleges wrongful termination based on the allegation that Defendant "enticed older employees" to take an "early out" from the CBA by rewarding employees with flight benefits.  Plaintiff alleges Defendant did not disclose important information about the early out program including that, "The company has the right to amend, modify or delete pass travel benefit at any time with or without notice." Sheldon Decl., ¶ 3, **Ex. A**, ¶1 Plaintiff further alleges that the "disclosure would have made [him] and others not take the early out deal." *Id.* Thus, Plaintiff's Complaint inherently turns on the interpretation of the CBA and the Early Out Program (the bargaining of which was governed by the same CBA).  As a represented employee, the only contract that would apply to Plaintiff's employment is the CBA and/or the Early Out Program.

21.     This Court has original federal question jurisdiction over this action, because Plaintiff's claims are completely pre-empted by the RLA.  *See* 45 U.S.C. § 181 *et seq; see also, Caterpillar Inc. v.*

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

*Williams*, 482 U.S. 386, 393 (1987); *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, (9th Cir. 2018) (holding that state law claims will be preempted by the RLA if "application [of state law to the claims] requires the interpretation of a collective bargaining agreement"); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024 (9th Cir. 2016) (holding the same for claims under the § 301 of the Labor Management Relations Act); *Robinson v. Northwest Airlines*, CIV.04-650 ADM/AJB, 2004 WL 1941277, at \*4 (D. Minn. Aug. 30, 2004) (When "a federal statute completely preempts an area of state law, any claim purportedly based on the pre-empted state law is considered, from its inception, [to be] a federal claim[,]" and "under the complete preemption doctrine, the RLA preempts state law claims that require an interpretation of, or involve rights and duties created or defined by, collective bargaining agreements[.]").

22.     Here, Defendant is a common carrier by air and engages in interstate commerce and is therefore covered by the RLA.  Craig Decl. ¶ 7; *see also*, 45 U.S.C. § 181. ("All of the provisions of subchapter I of this chapter except section 13 of this title are extended to and shall cover every common carrier by air engaged in interstate or foreign commerce, and every carrier by air transporting mail for or under contract with the United States Government, and every air pilot or other person who performs any work as an employee or subordinate official of such carrier or carriers, subject to its or their continuing authority to supervise and direct the manner of rendition of his service.")

23.     As an airline, the RLA governs union-management relations for employers covered by the RLA. Disputes arising under the RLA are generally divided into two categories: major disputes and minor disputes. Major disputes involve attempts to create new contractual rights, while minor disputes involve the enforcement of existing rights arising under a CBA. *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989) ("Conrail").  Minor disputes must be resolved in binding arbitration before Adjustment Boards established under § 3 of the RLA, 45 U.S.C. § 153.  *Conrail*, 491 U.S. at 303-04 (noting that, in forming the National Railway Adjustment Board ("NRAB"), Congress "established an expert body to settle" grievances that "is peculiarly familiar with the thorny problems and the whole range of grievances that constantly exist in the railroad world. Its membership is in daily contact with workers and employers, and knows the industry's language, customs, and practices." *Gunther v. San Diego & Ariz. E. Ry. Co.*, 382 U.S. 257, 261 (1965). Given the existence of this "expert body," the RLA's

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

arbitration procedures constitute the exclusive and mandatory resolution mechanism for resolving all minor disputes. *Conrail*, 491 U.S. at 303-04.

24. Minor disputes involve "the meaning of an existing [CBA] in a particular fact situation." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994) (quotations and citation omitted). As a result, courts routinely rule that simple breaches of a CBA give rise to minor disputes. *See, e.g., Railway Labor Executives' Ass'n v. Boston & Maine Corp.*, 808 F.2d 150, 159 (1st Cir. 1986) ("It would seem that any breach of an existing [CBA], whether 'anticipatory' or otherwise, is precisely what an arbitrable 'minor' dispute is concerned with.") (emphasis in original). Further, under *Conrail*, the parties' dispute over CBA interpretation or the "contractual right to take the contested action" creates a minor dispute unless a defendant's position is "frivolous or obviously insubstantial." 491 U.S. at 307.

25. Here, Plaintiff's claims related to his termination involve a "minor" dispute under prevailing case law because Plaintiff is alleging that he was misled into accepting an early out from his union CBA. *See, e.g., Andrews v. Louisville & N.R. Co.*, 406 U.S. 320 (1972) (describing a state-law claim for wrongful discharge, seeking compensation and reinstatement, as a minor dispute subject to the RLA). As a minor dispute, Plaintiff's claims are preempted under the RLA. Because this is a fundamental case of a minor dispute regarding interpretation of a carrier's existing or prior agreement with a union, this Court should find it is preempted by the RLA.

## COMPLIANCE WITH 28 U.S.C. § 1446

26. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of the removal will be given by the undersigned to Plaintiff Mario De Vera, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Alameda as required by 28 U.S.C. §1446(d).

\\\

\\\

\\\

\\\

\\\

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

## CONCLUSION

27.    For the reasons provided herein, Defendant hereby removes this action from the Superior Court for the State of California, County of Alameda, to the United States District Court, Northern District of California.  Defendant respectfully requests that this Court retain jurisdiction for all further proceedings.


Dated:  September 12, 2025                    LITTLER MENDELSON, P.C.


                                             /s/ Alvin Arceo
                                             LEE E. SHELDON
                                             ALVIN ARCEO

                                             Attorneys for Defendant
                                             UNITED AIRLINES, INC.

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT                    9                    CASE NO.  3:25-cv-07814

4928-8164-1828.1 / 087218.1124