UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MARIO DE VERA, | Case No. 25-cv-07814-JSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND AND DIRECTING PLAINTIFF TO RESPOND TO MOTION TO DISMISS** |
| UNITED AIRLINES, INC., | |
| Defendant. | Re: Dkt. No. 19 |

Plaintiff, proceeding without attorney representation, filed this state-law employment discrimination action in Alameda County Superior Court. He alleges he was fraudulently enticed to take an early buy out and that when many years later he was rehired, Defendant retaliated against him. Defendant removed the action to federal court alleging federal question and diversity subject matter jurisdiction. (Dkt. No. 1.)[1] Now pending before the Court is Plaintiff's motion to remand. After carefully considering the parties' submissions, the Court concludes oral argument is not required, *see* Civ. L.R. 7-1(b), and DENIES the motion to remand. Defendant has established the Court at least has diversity subject matter jurisdiction.

**DISCUSSION**

**A. Motion to Remand**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. The defendant seeking removal "bears the burden of establishing that removal

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself it has federal subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Defendant's notice of removal establishes the parties' complete diversity: Plaintiff is a California citizen and Defendant United Airlines is a citizen of Delaware and Illinois. (Dkt. No. 1 ¶¶ 7-11.) The notice of removal also demonstrates the amount in controversy exceeds $75,000. (*Id.* ¶¶ 12-18.)[2] While Plaintiff's motion to remand claims he only seeks to recover seniority as opposed to back pay, his complaint alleges wrongful termination, and Defendant's notice of removal shows that termination occurred more than 15 years ago. (*Id.* ¶¶ 16, 17; Dkt. No. 1-3 ¶¶ 2-5.) Defendant's evidence also shows Plaintiff worked full time at $31.37 an hour at the time of his separation, which places over $1 million in lost earnings in controversy. (Dkt. No. 1 ¶ 17; Dkt. No. 1-3 ¶ 8.) Plaintiff does not dispute this evidence, (*see generally* Dkt. No. 19), and the cases Plaintiff cites do not hold otherwise. In *Oilund v. United Airlines*, 2009 WL 112937, at *1 (N.D. Cal. Jan. 16, 2009), United removed only on the grounds of federal question jurisdiction. Similarly, in *Ayson v. United Airlines*, No. C 21-6201 (C.D. Cal.), United removed on the grounds of federal question jurisdiction. (*Id.* Dkt. No. 31.) Neither case suggests Defendant has not established diversity jurisdiction here. So, the motion to remand is DENIED.

---

[2] In his form complaint, Plaintiff does not check any box under the "remedies sought" section, but Plaintiff identifies the case as Unlimited Jurisdiction, which the form complaint indicates as cases where the "[a]mount demanded exceed[] $35,000." (Dkt. No. 1-2 at 5-7); *see* Cal. Code Civ. Pro §§ 86(a) (if the demand in controversy is $35,000 or less, the case is a limited civil case), 88 ("A civil action or proceeding other than a limited civil case may be referred to as an unlimited civil case.") Plaintiff also alleges causes of action for wrongful termination, age discrimination, retaliation, and harassment, which usually entail monetary damages. Based on this, the Court assumes Plaintiff is seeking at least *some* damages, despite his failure to include a specific prayer for damages. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")

### B. Motion to Dismiss

Defendant filed a motion to dismiss Plaintiff's claims on September 19, 2025. (Dkt. No. 12.) Plaintiff never filed an opposition to the motion. Since the Court has subject matter jurisdiction of this action, it can and must decide Defendant's motion to dismiss. As Plaintiff is proceeding without attorney representation, the Court VACATES the December 4, 2025 hearing on the motion to dismiss, and GRANTS Plaintiff until December 11, 2025 to file an opposition to the motion to dismiss. Defendant may file a reply by December 18, 2025. The Court will advise the parties if oral argument is required.

As Plaintiff is without representation by a lawyer, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at https://www.cand.uscourts.gov/pro-se-litigants/. Plaintiff may also contact the Legal Help Center for free assistance; he can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: November 26, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge