United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO DE VERA,

        Plaintiff,

    v.

UNITED AIRLINES, INC.,

        Defendant.

Case No.  25-cv-07814-JSC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. Nos. 12, 33, 36

Plaintiff Mario De Vera, proceeding without attorney representation, filed this state-law employment discrimination action in Alameda County Superior Court against his employer, United Airlines, Inc ("United").  He alleges he was fraudulently enticed to take an early retirement buy out and that when later he was rehired, Defendant retaliated against him.  (Dkt. No. 1-2.)[1] Now pending before the Court is Defendant's motion to dismiss.  Because Mr. De Vera fails to state a claim for wrongful termination, age discrimination, retaliation, or harassment, but has not benefitted from prior opportunities to amend, the Court GRANTS the motion to dismiss with leave to amend for all claims that appear timely.

**A.  Complaint Allegations**

Mr. De Vera's complaint asserts four causes of action against Defendant: (1) wrongful termination, (2) age discrimination, (3) retaliation, and (4) harassment.  (Dkt. No. 1-2.)  Mr. De Vera did not cite a specific statutory basis for any of these claims in his page-and-a-half

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.  The ECF-generated page numbers in the Exhibits for Defendant's request for judicial notice (Dkt. No. 12-2) are difficult to discern, but pinpoint citations correspond to the page number of the PDF document.

complaint.[2]  However, Plaintiff attached to his complaint a right-to-sue notice from the California Civil Rights Department ("CRD"), which allows him to sue under California's Fair Employment and Housing Act ("FEHA").  (Dkt. No. 1-2 at 8.)  Plaintiff's opposition confirms he intends to sue "under FEHA and common law."  (Dkt. No. 33 at 1-2.)

The first two claims stem from an "early out" program Mr. De Vera accepted.  (Dkt. No 1-2 at 6 ¶¶ 1-2.)  First, United "enticed" him and other "older" employees to participate in the program by luring them into believing they would receive the same flight benefits as retirees.  (*Id.* ¶ 1.)  United did not disclose it retained the "right to amend, modify or delete" the travel pass benefit program "at any time," and had United disclosed this "very important material fact," he and others would "not [have] take[n] the early out deal."  (*Id.*)  United's lack of disclosure constitutes wrongful termination because it caused him to lose his job and his seniority within the company.  (*Id.*  ("I lost my job and seniority due to company's deceit and non-disclosure of a very important material fact.").)  Since United enticed "older employees over forty" into the early out, United's conduct also constitutes age discrimination.  (*Id.* ¶ 2.)

The last two claims stem from Mr. De Vera's employment after he was "rehired."  (*Id.* at 6 ¶ 3, 7 ¶ 1.)  United "retaliated against [him] for [his] complaint and trying to get a system board ordered by the federal court on [a] previous complaint," and "tried to fire" him.  (*Id.* at 6 ¶ 3.)  Finally, United harassed him by "trying to extend [his] probationary period when it was officially over."  (*Id.* at 7 ¶ 1.)

### B.  Procedural Background

On July 29, 2025, Plaintiff filed his case in Alameda Superior Court.  (Dkt. No. 1-2; Case No. 25CV133281.)  Defendant removed the action to federal court based on federal question and diversity subject matter jurisdiction, and subsequently moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. No. 12-1.)  In connection with the motion to dismiss, United requests judicial notice of three documents related to Mr. De Vera's prior case against United,

---

[2] While Plaintiff's opposition also refers to Title VII, Defendant does not move to dismiss claims under Title VII, so the Court does not address the Title VII claims.

*Mario De Vera v. United Airlines, Inc.*, 3:12-cv-05644-LB (N. D. Cal. 2012), for breach of contract and breach of fiduciary duty.  (Dkt. No. 12-2.)[3]

**LEGAL STANDARD**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this requirement, the complaint must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a 12(b)(6) motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "only pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth."  *United States v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011).  Courts may also review "documents referred to in the complaint" at the 12(b)(6) stage.  *Alpha Venture Cap. Partners LP v. Pourhassan*, 30 F.4th 920, 924 (9th Cir. 2022).

Pleadings filed by unrepresented parties must be liberally construed on a defendant's motion to dismiss for failure to state a claim.  *Ortez v. Washington Cnty. Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).  Still, the court cannot supply essential elements of the claim the plaintiff did not plead.  *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Additionally, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

**DISCUSSION**

Defendant moves to dismiss arguing (1) the wrongful termination claim is preempted under the Railway Labor Act; (2) the discrimination, retaliation, and harassment claims are time-

---

[3] There, Plaintiff sued Defendant in this District for breach of contract and breach of fiduciary duty after United modified the travel benefits it provided under the early out program and because United failed to disclose Plaintiff would not be considered a retiree if he accepted the program. The court granted United's motion for summary judgment, finding the contract claims were preempted by the Railway Labor Act because they would require the court to evaluate the CBA provisions regarding eligibility for the travel benefits.  (Dkt. No. 12-2 at 18-19.)

United States District Court
Northern District of California

United States District Court
Northern District of California

barred; and (3) Plaintiff fails to state a claim for all four causes of action.  Defendant also requests judicial notice; the Court addresses this first.

### A.  Judicial Notice

United requests judicial notice of three documents from Mr. De Vera's prior case in this District against United for breach of contract and breach of fiduciary duty: (1) the order granting United Airlines, Inc's Motion for Summary Judgment from March 7, 2014 in *Mario De Vera v. United Airlines, Inc.*, 3:12-cv-05664-LB (N.D. Cal. 2012) (ECF No. 68); (2) the amended summary judgment order from March 24, 2014 in the same case (ECF No. 70); and (3) the notice of removal containing Plaintiff's prior complaint in that case (ECF No. 1).

Pursuant to Federal Rule of Evidence 201, a court can take judicial notice of facts if they are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  This includes "undisputed matters of public record, including documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).  Court orders and other court documents are proper subjects of judicial notice, *id.*, as are records of court proceedings.  *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The Court grants Defendant's request for judicial notice.  Claims in Mr. De Vera's prior and current suit both derive from the modification of the terms of United's early out employee buyout program.  So, the order, amended order, and request for removal from the prior case all have a "direct relation" to the matters at issue in this proceeding.  *Borneo, Inc.*, 971 F.2d at 248.  Additionally, these documents are undisputed "[c]ourt orders and other court documents," proper subjects of judicial notice.  *Harris*, 682 F.3d at 1132.  Judicial notice is limited to the existence of these documents, not the truth of the matters contained within them because "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein,

4

but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (cleaned up).

### B.  Railway Labor Act Preemption

United contends the Railway Labor Act ("RLA") preempts Mr. De Vera's claims related to his termination, so Court lacks subject matter jurisdiction.  (Dkt. No. 12-1 at 9-11); *see* Fed. R. Civ. P. 12(b)(1).  "The RLA creates a comprehensive framework for resolving labor disputes in the rail and airline industries." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 916 (9th Cir. 2018) (citation omitted); *see* 45 U.S.C. §§ 151-65, 181-88.[4]  The RLA may preempt a labor dispute if "plaintiff contends that an employer's actions violated rights protected by the CBA." *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996).

To determine if the claim is preempted, "courts must look to the source of the right asserted by the plaintiff." *Id.*  Courts apply a two-part test.  *Alaska Airlines*, 898 F.3d at 920.[5] First, they "evaluate the legal character of the claim," preempting a claim if it "arises entirely from a right or duty of the CBA," meaning "the CBA is the only source of the right the plaintiff seeks to vindicate." *Id.* at 920-21.  Meanwhile, a claim is not preempted "where a plaintiff contends that an employer's actions violated a state-law obligation, wholly independent of its obligations under the CBA." *Espinal*, 90 F.3d at 1456.  And claims are not preempted at the first step if they "just refer to a CBA-defined right; rely in part on a CBA's terms of employment; [or] run parallel to a CBA violation." *Alaska Airlines*, 898 F.3d at 921 (citations omitted).  At the second step, courts ask if litigating the claim "requires interpretation of a CBA," preempting claims "to the extent they involve an active dispute over the meaning of contract terms." *Id.*  (cleaned up).

---

[4] Within this framework, labor disputes are categorized as "major" or "minor," with minor disputes subject to preemption. *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996).

[5] United argues Mr. De Vera's claims are "minor," and thus preempted under the RLA; it does not apply the two-part preemption test.  (*See* Dkt. No. 12-1 at 9-11.)  But the Ninth Circuit has explained the test applies when a plaintiff raises claims under state law.  *Columbia Exp. Terminal, LLC*, 23 F.4th at 844; *Alaska Airlines*, 898 F.3d at 920.  Here, Mr. De Vera suggests his claims are grounded in state statutory (FEHA) or common law, so the test applies.  (*See* Dkt. No. 33 at 1-2.)

United States District Court
Northern District of California

Applying the two-step test for RLA preemption, the first question is if Mr. De Vera's claim for "wrongful termination via illegal early out" involves a benefit that derives exclusively from his CBA. Here, in his wrongful termination claim, Mr. De Vera alleges United "enticed" him and other older employees to participate in the early out program "by rewarding them with the same as retirees flight benefits when it needed to cut staffing after filing bankruptcy." (Dkt. No. 1-2 at 6 ¶ 1.) He argues United did not disclose a provision stating "[t]he company has the right to amend, modify, or delete" the travel pass benefit program. (*Id.*) United contends the union-negotiated early out program and travel benefits derive from the CBA negotiated by Plaintiff's union. (Dkt. No. 12-1 at 11.) But the Complaint's allegations do not reference a CBA. Even if the Court understood Plaintiff's opposition to admit he is a signatory to the CBA,[6] without more allegations regarding the claim Mr. De Vera raises or the benefits under his CBA, the Court cannot conclude as a matter of law, based on this limited record, the CBA is the *exclusive* source of his rights, or if the claim involves an independent state-law obligation. *Espinal*, 90 F.3d at 1456. Without more allegations, the Court also declines to consider if Mr. De Vera's claim "depends on an interpretation of the CBA" at step two of the preemption test, *Alaska*, 846 F.3d at 1089, as United contends. (*See* Dkt. No. 12-1 at 11 ¶ 2.) Because United has not established Plaintiff's first claim is preempted, the Court denies Defendant's 12(b)(1) motion to dismiss without prejudice.

**C. Exhaustion of Administrative Remedies**

United moves to dismiss Mr. De Vera's discrimination, harassment, and retaliation claims to the extent they are brought under FEHA because he failed to exhaust his administrative remedies and because the claims are time-barred. (*See* Dkt. No. 12-1 at 11-12.) "Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies." *Wills v. Superior Ct.*, 195 Cal. App. 4th 143, 153 (2011), *as modified on denial of reh'g* (May 12, 2011); *see also* Cal. Gov. Code § 12965. Exhaustion requires filing an administrative complaint with the California Civil Rights Department ("CRD") and obtaining a right-to-sue letter. *See Kim v. Konad USA Distribution, Inc.*, 226 Cal. App. 4th 1336, 1345

---

[6] *See* Dkt. No. 33 at 1 ¶ 3 (discussing Plaintiff's correspondence with his union representative).

United States District Court
Northern District of California

(2014); Cal. Gov. Code § 12960.  Under FEHA, an individual can bring a complaint to the CRD for any unlawful action that occurred within the previous three years.  Cal. Gov. Code § 12960(e)(5).  And after the complainant receives his right-to-sue notice, he has one year to file a civil action arising from the events in his CRD complaint.  Cal. Gov. Code § 12965(c)(1)(C).

Here, Plaintiff's complaint attaches a CRD right-to-sue notice dated July 29, 2024.  (Dkt. No. 1-2 at 8.)  Per the notice, Mr. De Vera filed a complaint with CRD, which "dual filed" the charge with the U.S. Equal Employment Opportunity Commission ("EEOC").  (*Id.*)  The notice spells out: "[T]his Right to Sue Notice allows you to file a private lawsuit in State court."  (*Id.*)  Plaintiff filed his complaint one year later, on July 29, 2025.  (*Id.* at 4.)

United argues the July 2024 notice cannot revive Mr. De Vera's discrimination, harassment, and retaliation claims since they arise from the early out program Mr. De Vera elected to participate in "nearly seventeen years ago."  (Dkt. No. 12-1 at 12.)  To the extent Mr. De Vera's claims relate to United's conduct when Mr. De Vera joined the early out program in 2008, the alleged conduct occurred more than three years before Mr. De Vera filed his right-to-sue notice with CRD and thus are untimely.  Cal. Gov. Code § 12960(e)(5).  But Mr. De Vera may also be asserting discrimination, harassment, and retaliation claims arising from conduct that occurred after July 2021.  (Dkt. No. 1-2 at 6 ¶ 3, 7 ¶ 1.)  For example, he claims United retaliated against him by attempting to fire him when he was "rehired" and harassed him by trying to extend his probationary period.  (*Id.*)  United has not shown such claims are untimely because United's actions could have occurred within three years of Mr. De Vera filing a CRD complaint and obtaining a right-to-sue notice.

**D.  Failure to State a Claim**

United also moves to dismiss all claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (*See* Dkt. No. 12-1 at 13-17.)

**a.  Wrongful Termination**

On its face, the complaint is unclear as to whether the wrongful termination claim is derivative of Plaintiff's age discrimination claim and whether it is based on common law, FEHA, or Title VII.  But regardless of the source of Plaintiff's wrongful termination claim, the claim fails

7

United States District Court
Northern District of California

because "the Complaint actually admits Plaintiff has not been terminated." (*Id.* at 13.) While under the doctrine of constructive discharge, an employee does not need to be "actually fired" to bring a wrongful termination claim, *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1244-45 (1994), "constructive discharge occurs only when an employer terminates employment by forcing the employee to resign." *Mullins v. Rockwell Internat. Corp.*, 15 Cal. 4th 731, 737 (1997). Because the complaint does not allege facts that plausibly support an inference Mr. De Vera's employment was terminated or that he otherwise ended his employment with United within three years of filing his CRD complaint, he does not allege a timely wrongful termination claim; so, the claim must be dismissed.

### b. Age Discrimination

While Mr. De Vera does not allege a statutory basis for his age discrimination claim, the right-to-sue notice attached to his complaint, filed with CRD and EEOC, allows him to bring an action at least under FEHA. (Dkt. No. 1-2 at 8.) Courts in the Ninth Circuit construe the language of administrative complaints "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). So, FEHA is the presumed basis for Mr. De Vera's age discrimination claim, as well as his retaliation and harassment claims, even though it is not stated in the complaint. (*See* Dkt. No. 33 at 1-2 (referencing FEHA and Title VII[7] as the basis of the claims).)

To establish age discrimination under FEHA, Mr. De Vera must show "(1) he was a member of a protected class; (2) he was performing competently in the position he held; (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job; and (4) some other circumstance suggests discriminatory motive." *Juell v. Forest Pharms., Inc.*, 456 F. Supp. 2d 1141, 1150 (E.D. Cal. 2006).

---

[7] Mr. De Vera cites Title VII once in his opposition. (Dkt. No. 33 at 1.) Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, does not prohibit discrimination based on age, but the Age Discrimination in Employment Act of 1967 ("ADEA") does. 29 U.S.C. § 623(a)(2); *see Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233 (2005) (explaining the history of ADEA and its differences from Title VII). Since a federal statute does not appear on the face of Mr. De Vera's complaint or in United's reply, and the motion can be resolved without it, ADEA is not discussed.

Mr. De Vera's allegations do not meet the required elements.  He does not allege facts that plausibly support an inference he suffered an "adverse employment action" within three years of his CRD complaint.  United suggests the adverse action was an unsuccessful attempt to fire Mr. De Vera, but this action is referenced within his claim for retaliation, not age discrimination.  (Dkt. No. 12-1 at 13; *see* Dkt. No. 1-2 at 6 ¶ 3 ("Defendant tried to fire me instead but luckily the HR who tried to fire me was on vacation and couldn't finish firing me.").)  Additionally, Mr. De Vera has not pled facts suggesting United had a discriminatory motive with respect to employees over 40; if anything, he appears to suggest Defendant's motive was "cut[ting] staffing after filing bankruptcy."  (Dkt. No. 1-2 at 6 ¶ 3.)  So, this claim must also be dismissed.

### c.  Retaliation

To establish a FEHA retaliation claim, Mr. De Vera must show he "(1) [ ] engaged in a protected activity, (2) [ ] was subjected to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action." *Steele v. Youthful Offender Parole Bd.*, 162 Cal. App. 4th 1241, 1252 (2008).

Mr. De Vera states United "retaliated against [him] for [his] complaint and trying to get a system board ordered by the federal court on [a] previous complaint."  (Dkt. No. 1-2 at 6 ¶ 3.)  This statement does not allege facts that plausibly support an inference he engaged in a "protected activity."  While his CRD complaint could be a "protected activity," Mr. De Vera does not mention the CRD complaint in his retaliation claim.  (*Id.*)  In his opposition, Mr. De Vera also attaches correspondence with his union to show "he's been retaliated on and harassed due to his workplace safety complaints."  (Dkt. No. 33 at 2; *see* Dkt. No 33-1.)  But the Court cannot consider these documents because they are not incorporated in his complaint.  *See Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").  Because Mr. De Vera does not allege facts that plausibly state a retaliation claim, the claim is dismissed.

United States District Court
Northern District of California

9

### d. Harassment

Mr. De Vera may establish a FEHA harassment claim by showing he "(1) [ ] is a member of a protected class; (2) [ ] was subjected to unwelcome harassment; (3) the harassment was based on [his] protected status; (4) the harassment unreasonably interfered with [his] work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Galvan v. Dameron Hosp. Assn.*, 37 Cal. App. 5th 549, 563 (2019).

Mr. De Vera's harassment claim is a single sentence long, alleging "Defendant harassed me by trying to extend my probationary period when it was officially over." (Dkt. No 1-2 at 7 ¶ 1.) Plaintiff must include more than "labels and conclusions" in his grounds for relief. *Twombly*, 550 U.S. at 555. This allegation is insufficient. First, it does not allege facts that plausibly support an inference United tried to extend his probationary period. Second, even if he plausibly alleged such conduct, it does not satisfy the requirements to state a harassment claim. For example, because it references a single wrongful act, it does not show "a concerted pattern of harassment" as required. *Jones v. Dep't of Corr. & Rehabilitation* 152 Cal. App. 4th 1367, 1377-1378 (2007). The claim is therefore dismissed.

### CONCLUSION

For the reasons stated above, Mr. De Vera fails to state a claim for wrongful termination, age discrimination, retaliation, or harassment. In his opposition, Mr. De Vera requests leave to amend for his age discrimination, retaliation, and harassment claims under FEHA. (*See* Dkt. No. 33 at 1-2 ("Plaintiff would like to ask the court leave to amend his complaint as well as to put down the violations under FEHA and also include managers that harassed and discriminated against him for age over 40 and their retaliatory and harassing actions.").) To the extent Plaintiff's claims are based on actions that occurred more than three years before Plaintiff filed his right-to-sue notice with CRD, Plaintiff cannot cure the deficiencies in the claims, and amendment would be futile. Accordingly, claims based on actions that occurred more than three years before Plaintiff filed his right-to-sue notice with CRD are DISMISSED with prejudice.[8]

---

[8] Since the CRD notice is from July 29, 2024, Plaintiff's allegations must pertain to actions on or after July 29, 2021. (*See* Dkt. No. 1-2 at 8.) In opposition, Mr. De Vera asserts his claims are

United States District Court
Northern District of California

For all other claims, the Court GRANTS the motion to dismiss with leave to amend. To cure the deficiencies in his complaint, Mr. De Vera must allege facts consistent with these claims based on actions within three years of filing his right-to-sue notice with CRD or otherwise within the applicable statute of limitations. Plaintiff should attach any supporting documentation he wants the Court to consider to his amended complaint, such as the correspondence he attached to his opposition. Plaintiff's amended complaint must be filed by **March 20, 2026**. Plaintiff is warned his failure to file an amended complaint by that date will lead to entry of judgment in Defendant's favor. Plaintiff may not add any new defendants to the amended complaint without first receiving permission from the Court.

The Court reminds Plaintiff he may seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: February 23, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

---

timely under the continuing violation doctrine. (Dkt. No. 33 at 2.) The continuing violation doctrine can apply to harassment, discrimination, and retaliation claims under FEHA "where a plaintiff alleges a continuing course of unlawful conduct" occurring in part beyond statutory period. *Lelaind v. City & Cnty. Of San Francisco*, 576 F. Supp. 2d 1079, 1093 (N.D. Cal. 2008); *see Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 822-23 (2001) (applying the doctrine to claims for disability accommodation and harassment); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1057 (2005) (extending the doctrine to retaliation claims). But "[t]o establish a "continuing course of conduct" for purposes of FEHA, a plaintiff must show that the employer's actions were (1) sufficiently similar in kind; (2) have occurred with reasonable frequency; and (3) have not acquired a degree of permanence." *Lelaind*, 576 F. Supp. 2d at 1093 (cleaned up). Mr. De Vera has not explained how the doctrine would link his claims related to his separation with United to his timely claims. Even where a plaintiff is continuously employed, a one-year gap in incidents of harassment can bar application of the doctrine. *Brennan v. Townsend & O'Leary Enters., Inc.*, 199 Cal. App. 4th 1336, 1355 (2011). So, if claims are based on Plaintiff's separation with United more than three years before July 2021, the doctrine would not save Mr. De Vera's claims.