UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO DE VERA,
Plaintiff,
v.
UNITED AIRLINES, INC.,
Defendant.

Case No. 25-cv-07814-JSC

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 58

Plaintiff Mario De Vera, proceeding without attorney representation, brings claims against his employer, Defendant United Airlines, for age discrimination, retaliation, constructive discharge, and harassment. He alleges in 2008, United offered him an early retirement, but concealed a policy concerning his travel benefits and seniority. (Dkt. No. 45 at 1.)[1] He also alleges beginning in 2024, United harassed and retaliated against him in response to his reporting hazardous work conditions. (*Id.*) Pending before the Court is Defendant's motion to dismiss Plaintiff's First Amended Complaint. (Dkt. No. 49.) After carefully considering the parties' submissions, and having had the benefit of oral argument on July 10, 2026, the Court grants Defendant's motion to dismiss all of Plaintiff's claims, but grants leave to amend as to the discrimination and harassment claims. Plaintiff's age discrimination and constructive discharge claims are time barred, along with the Court having already dismissed these claims with prejudice. His retaliation and harassment claims are dismissed due to his failure to state a claim.

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

## BACKGROUND

### I. FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff asserts four claims against Defendant United:

(1) age discrimination under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621;

(2) retaliation under California Labor Code § 1102.5;

(3) "fraud / constructive discharge" under California Civil Code § 1710; and

(4) "hostile work environment / harassment" under California's Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940

(Dkt. No. 45 at 2 (cleaned up).) Plaintiff does not identify which allegations support his age discrimination claim. (*See generally id.*; Dkt. No. 54.)

The constructive discharge claim is based on an early retirement program United offered to Plaintiff in 2008. (Dkt. No. 45 at 1.) Plaintiff alleges he was "induced" to accept early retirement, United "conceal[ed]" a "seniority policy," United "fraudulently applied" a policy to "'amend, modify, or delete pass travel'" benefits, then United refused to recognize his 1990 seniority upon rehire. (*Id.*) As a result, Plaintiff's earned vacation and floating holidays were "paid off and eliminated from his accrual bank," causing "immediate financial and personal harm." (*Id.*) In an email attached as an exhibit to his FAC, Plaintiff told a United HR employee he "would not have given up [his] job had [h]e known" about the company's right to amend travel benefits. (Dkt. No. 45-8 at 2.)

Plaintiff's retaliation and harassment claims rest on several related allegations. First, upon being rehired at a time unspecified, he was subject to an improper extension of his probationary period to "facilitate a termination," which "Defendant only withdrew after a formal Union grievance was initiated." (Dkt. No 45 at 2.) Second, in 2025, Plaintiff began reporting safety hazards in "Hangar B29," where he worked, to the California Department of Industrial Relations after the hazard remained unresolved over the span of months. (*Id.*; Dkt. No. 45-5 at 2-3.) Plaintiff attaches an exhibit to his FAC containing a letter from the California Department of Industrial Relations stating United "was cited for failure to correct the intrusion of exterior water." (Dkt. No.

United States District Court
Northern District of California

45-5 at 4.) He also attaches a letter dated August 13, 2025, regarding an investigation into Plaintiff's "misconduct." (Dkt. No. 45-4 at 2.) In the letter, United issued a Written Warning to Plaintiff for allegedly mocking a co-worker's accent during a confrontation when the coworker threatened violence against Plaintiff. (*Id.*) Plaintiff requested the dispute simply be documented, as opposed to escalating up the corporate ladder, but United conducted a formal investigation since there was a threat of physical violence made during the confrontation. (*See* Dkt. No. 45-5 at 4.) Plaintiff alleges the Written Warning was in response to his reporting safety hazards. (*See* Dkt. No. 45 at 2.)

Additionally, Plaintiff's exhibits appear to reference two separate internal investigations by United, but the nature of these investigations is unclear. In response to Plaintiff's allegations of harassment and discrimination, it appears United conducted two separate internal investigations, the first in 2024 and the second in 2025. (*See* Dkt. No. 45 at 2 (alleging "Montey Caston (Exhibit X) and Manager Kayla Howell (Exhibit Z)[2] closed investigations into discrimination and retaliation …"); Dkt. No. 45-9 at 2-3 (email correspondence from Montey Caston referring to a "completed" investigation); *Id.* at 4-6 (email correspondence from Kayla Howell referring to another "investigation" which was "conducted").) The 2024 investigation examined Plaintiff's demand for his reinstatement of seniority and benefits accrued during his previous tenure with the company. (Dkt. No. 45-8 at 2-3.) United's 2025 investigation concerned Plaintiff's allegations of retaliations and harassment by United in response to his reporting of safety hazards. (Dkt. No. 45-9 at 4-5.) The results of these investigations were allegedly withheld from Plaintiff upon their completion, which created a "hostile and oppressive work environment." (Dkt. No. 45 at 2.)

## II. PROCEDURAL HISTORY

On July 29, 2025, Plaintiff sued United in Alameda County Superior Court. (Dkt. No. 1-2; Case No. 25CV133281.) United removed the action to federal court based on federal question and diversity subject matter jurisdiction, and subsequently moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 12-1.) Plaintiff's original complaint alleged

[2] Plaintiff does not have an exhibit Z attached to the first amended complaint. But the emails he references are attached to Dkt. No. 45-9.

United States District Court
Northern District of California

four claims: (1) wrongful termination via illegal early out; (2) age discrimination; (3) retaliation; (4) and harassment. (Dkt. No. 1-2 at 6-7.) United moved to dismiss all claims for failure to state a claim, and to dismiss Plaintiff's harassment, discrimination, and retaliation claims on the grounds they were time-barred because the claims relied on conduct which occurred more than three years before Plaintiff filed an administrative charge with the California Civil Rights Department ("CRD"). (Dkt. No. 12-1 at 6-12.)

The Court granted United's motion. The Court held claims arising from United's conduct before July 29, 2021 were time barred, but that United failed to establish all of Plaintiff's claims were untimely. (*Id.* at 6-7.) Next, the Court held, drawing inferences in Plaintiff's favor, Plaintiff failed to state any claim due to his failure to allege facts which could plausibly support the necessary inferences. (*Id.* at 7-10.)

In particular, on the retaliation claim, the Court noted: "[Plaintiff] states United 'retaliated against [him] for [his] complaint and trying to get a system board ordered by the federal court on [a] previous complaint.' (Dkt. No. 1-2 at 6 ¶ 3.)." (Dkt. No. 41 at 9.) The Court concluded this statement did not allege facts which plausibly supported an inference Plaintiff engaged in "protected activity" and therefore Plaintiff failed to plausibly state a retaliation claim. (*Id.*) Regarding age discrimination, the Court held Plaintiff's allegations "did not meet the required elements," which included a failure to "allege facts that plausibly support an inference he suffered an 'adverse employment action' within three years of his CRD complaint." (*Id.* at 9.) The Court also held Plaintiff did not plead facts which "suggested United had a discriminatory motive with respect to employees over 40." (*Id.*) For Plaintiff's wrongful termination claim, the Court concluded he did not allege facts which "plausibly support an inference [Plaintiff's] employment was terminated or that he otherwise ended his employment with United within three years of filing his CRD complaint," so the claim was not timely. (*Id.* at 8.) Finally, as to the harassment claim, Plaintiff relied on a single sentence alleging "[United] harassed me by trying to extend my probationary period when it was officially over." (*Id.* at 10.) The Court held these allegations insufficient because Plaintiff did not "allege facts that plausibly support an inference United tried to extend his probationary period," and noted that even if the sentence was enough, it would fail to

"satisfy the requirements to state a harassment claim." (*Id.*)

The Court granted dismissal for failure to state a claim on all claims with leave to amend, except for any claims based on conduct that occurred before July 29, 2021—the date three years before Plaintiff filed his CRD administrative complaint. (*Id.* at 10.) Plaintiff filed his first amended complaint on March 27, 2026. United moves to dismiss the age discrimination claim as time barred pursuant to Rule 12(b)(1) and all claims for failure to state a claim pursuant to Rule 12(b)(6). (Dkt. No. 49.) In Plaintiff's opposition, he requests leave to amend and attaches a proposed Second Amended Complaint. The proposed Second Amended Complaint does not include the discrimination and constructive discharge claims.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this requirement, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a 12(b)(6) motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "only pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth." *United States v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011). Courts may also review "documents referred to in the complaint" at the 12(b)(6) stage. *Alpha Venture Cap. Partners LP v. Pourhassan*, 30 F.4th 920, 924 (9th Cir. 2022).

Pleadings filed by unrepresented parties must be liberally construed on a defendant's motion to dismiss for failure to state a claim. *Ortez v. Washington Cnty. Oregon*, 88 F.3d 804, 807 (9th Cir. 1996). Still, the court cannot supply essential elements of the claim the plaintiff did not plead. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

United States District Court
Northern District of California

## DISCUSSION

### I. AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) (COUNT I)

United moves to dismiss the ADEA claim pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction, and in the alternative, under Rule 12(b)(6) for failure to state a claim. (Dkt. No. 49-1 at 8.)

#### A. 12(b)(1)

United's 12(b)(1) jurisdiction argument contends Plaintiff failed to file this lawsuit within 90 days of receiving his EEOC right-to-sue notice. (*See* Dkt. No. 49-1 at 8.) United argues, without citing any case law, dismissal under 12(b)(1) is appropriate when a plaintiff fails to satisfy statutory prerequisites which condition the right to invoke federal jurisdiction. (*Id.*) But a party's failure to meet the federal statutory requirements for a claim is not a jurisdictional prerequisite to suit when the requirement "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Zipes v. TWA*, 455 U.S. 385, 394 (1982). For a procedural rule to confine a court's subject matter jurisdiction, "traditional tools of statutory construction must plainly show that Congress imbued [the rule] with jurisdictional consequences." *Harrow v. DOD*, 601 U.S. 480, 484 (2024) (citing *United States v. Kwai Fun Wong*, 575 U. S. 410 (2015)). Most time bars are not jurisdictional, even when framed in mandatory terms. *See id.*

The statute at issue, 29 U.S.C. § 626, states, "Such a charge (civil action) shall be filed within 180 days after the alleged unlawful practice occurred; or within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier." 29 U.S.C. § 626(d) (cleaned up). The statute also provides, "[a] civil action may be brought under this section by a person … against the respondent named in the charge within 90 days after the date of the receipt of such notice." 29 U.S.C. § 626(e). This language does not invoke jurisdiction. In *Harlow*, for example, the Supreme Court analyzed the language of U.S.C. § 7703(b)(1), which stated "[n]otwithstanding any other provision of law, any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." 601 U.S. at 485-486 (internal citations omitted). The Court, utilizing traditional tools of statutory construction, concluded this mandatory

language did not deprive the federal court of jurisdiction since it did not speak to the court's jurisdictional limits. *See id.* Similarly, here, using traditional tools of statutory construction, the various ADEA time to file requirements do not address jurisdictional limits.

So, the Court DENIES United's motion to dismiss the ADEA claim for lack of subject matter jurisdiction.

**B. 12(b)(6) Standard of Review**

Under the ADEA, a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission (EEOC) within 180 to 300 days of an alleged unlawful practice and, once the EEOC completes its proceedings, the plaintiff must file a civil action within 90 days of receiving a right-to-sue notice. *See* 29 U.S.C. § 626(d)-(e); *see also Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (stating "[a] private or state (collectively 'private') employee who believes he has been discriminated against on the basis of age must file a complaint with the EEOC within 180 days of the alleged discrimination, or 300 days in a deferral state."). Plaintiff's complaint and exhibits establish he received his right-to-sue notice on or about July 30, 2024. (Dkt. No. 45-3 at 3.) But he did not bring his ADEA claim until March 27, 2026—well beyond the 90-day deadline. (Dkt. No. 45 at 2.) Even if the filing of his original complaint on July 29, 2025 satisfies the deadline to file his ADEA claim, the claim is still untimely as it needed to be filed by October 28, 2024. Plaintiff's opposition does not dispute his ADEA claim was untimely filed after receipt of the right-to-sue letter. Instead, the opposition seeks to file a Second Amended Complaint which does not include an ADEA claim. So, as the FAC and its exhibits demonstrate the ADEA claim is untimely, and Plaintiff does not oppose dismissal, the ADEA claim is dismissed with prejudice.

**II. Retaliation (Count II)**

Plaintiff brings his retaliation claim under California Labor Code § 1102.5. (Dkt. No. 45 at 2.) To state a section 1102.5 claim, Plaintiff must allege facts supporting an inference he "(1) [ ] engaged in a protected activity, (2) [ ] was subjected to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse employment action." *Steele v. Youthful Offender Parole Bd.*, 162 Cal. App. 4th 1241, 1252 (2008). United argues Plaintiff fails

to allege an adverse employment action, since an exhibit to the FAC states the reason for the Written Warning is for an independent infraction and Plaintiff has failed to allege facts demonstrating causation between his alleged protected activity and the Written Warning. (Dkt. No. 49-1 at 11.)

**A. Adverse Employment Action**

Adverse employment actions are "changes in the terms, conditions, or privileges of employment; that is, changes involving some official action taken by the employer." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706, 101 (2009). The FAC alleges "Plaintiff reported safety hazards in Hangar B29, leading to a Cal/OSHA Citation for Failure to Correct. Defendant responded by issuing a retaliatory Written Warning on August 13, 2025 (Exhibit M) shortly after these safety reports were finalized." (Dkt. No. 45-4 at 2.) Exhibit M is the official Written Warning from United and states Plaintiff was given the Written Warning for allegedly mocking a co-worker's accent during a dispute when the other co-worker threatened Plaintiff with "punching motions." (Dkt. No. 45-4 Ex. M at 2.)

Plaintiff does not allege any facts about the Written Warning which support an inference the Warning changed "the terms, conditions, or privileges" of his employment. Without any allegations as to what consequence the Written Warning had for Plaintiff's employment, the FAC does not plausibly allege an adverse employment action. *See Khan v. SAP Labs, LLC*, No. 18-cv-07490-BLF, 2020 U.S. Dist. LEXIS 135546, at *9 (N.D. Cal. July 29, 2020) (holding the plaintiff's allegation she was placed on unpaid leave plausibly alleged an adverse employment action.); *see also Faurie v. Berkeley Unified Sch. Dist.*, No. C 08-0060 TEH, 2008 U.S. Dist. LEXIS 108246, at *22-23 (N.D. Cal. Mar. 25, 2008) (holding the plaintiff's allegations of being forced to perform duties beyond his professional responsibility, denial of medical accommodations, verbal abuse, and denial of overtime pay plausibly alleged an adverse employment action.). An exhibit to the FAC refers to Plaintiff being "held out of service", but neither the exhibit nor the FAC include facts that support an inference the unexplained being "held out of service" qualifies as an adverse employment action. (Dkt. No. 45-9 at 4.)

Plaintiff's opposition provides additional facts concerning United's alleged adverse

actions, such as the number of days he was held out of service and how he was denied access to his personal locker, but these allegations do not save Plaintiff's retaliation claim since they are not incorporated in his First Amended Complaint. *See Schneider v. Cal. Dep't. of Corr.,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Even if the Court were to consider these facts alleged in the opposition, they still fail to plausibly support an inference Plaintiff was subjected to an adverse employment action since they make no mention of how these actions affected his pay or employment status. So, drawing all reasonable inferences from non-conclusory allegations in Plaintiff's favor, Plaintiff has not alleged facts supporting an inference the Written Warning or any other conduct constitutes an adverse employment action.

**B. Causation**

If a plaintiff does not offer direct evidence of retaliatory intent, the "causal link may be established by an inference derived from circumstantial evidence, such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000) (internal quotation marks and citation omitted).

The FAC alleges "Defendant responded [to Plaintiff's safety reports] by issuing a retaliatory Written Warning," but does not include any allegations to plausibly support the inference the Written Warning was in retaliation for Plaintiff's safety reports. For example, the FAC does not allege any facts to show "the proximity in time" between Plaintiff's report and the investigation or "the employer's knowledge" of protected activity. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706, 219 P.3d 749, 761 (2009), as modified (Feb. 10, 2010). Accordingly, drawing inferences in Plaintiff's favor, Plaintiff has not alleged facts supporting an inference of a causal link between the Written Warning or any other adverse employment action and Plaintiff's protected activity.

Because Plaintiff does not allege facts that plausibly state a retaliation claim, the claim must be dismissed.

## III. FRAUD/CONSTRUCTIVE DISCHARGE CLAIM (COUNT III)

Plaintiff's original complaint alleged a wrongful termination claim based on his acceptance of United's 2008 early retirement offer, which he claimed was induced by fraudulent representations made by United concerning his access to travel benefits. (Dkt. No. 1-2 at 6.) The Court dismissed Plaintiff's claim due to his failure to plead facts supporting the inference he was "terminated or that he otherwise ended his employment with United within three years of filing his CRD complaint." (Dkt. No. 41 at 8.) Plaintiff argues the Court may hear all claims which occurred outside the three-year statute of limitations since they are timely under the "Continuing Violation Doctrine" and "Equitable Tolling" doctrine. (Dkt. No. 45 at 1.) These theories do not revive Plaintiff's constructive discharge claim since it was dismissed with prejudice. (Dkt. No. 41 at 10.) Further, Plaintiff's proposed SAC does not include a constructive discharge claim. So, the claim is again dismissed with prejudice.

## IV. Hostile Work Environment/Harassment (Count IV)

For a FEHA harassment claim, Plaintiff must show he is "(1) [ ] a member of a protected class; (2) [ ] was subjected to unwelcome harassment; (3) the harassment was based on [their] protected status; (4) the harassment unreasonably interfered with [their] work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Galvan v. Dameron Hosp. Assn.*, 37 Cal. App. 5th 549, 563 (2019). Plaintiff alleges United harassed Plaintiff through (1) improperly extending his probationary period, (2) issuing the Written Warning, and (3) conducting internal "black box" investigations without disclosing their results. (Dkt. No. 45 at 2.)

Drawing inferences in Plaintiff's favor, his allegations do not support a reasonable inference supporting all FEHA harassment claim elements. The FAC makes no mention of Plaintiff's protected class status, how the harassment was based on his protected status, or facts that support an inference of a hostile work environment. (Dkt. No. 45 at 2.) Plaintiff's opposition asserts his Filipino nationality makes him a member of a protected class and how his nationality played a role in the alleged harassment,[3] but the Court cannot consider these allegations because

[3] These facts are found in Plaintiff's opposition, which attaches a second amended complaint as an

United States District Court
Northern District of California

they are not in his First Amended Complaint. *See Schneider*, 151 F.3d at 1194, 1197. Further, Plaintiff's proposed second amended complaint does not include a hostile work environment/harassment claim. (*See* Dkt. No. 54-2 at 2-7.) Because Plaintiff does not allege facts which plausibly state a harassment claim, and as Plaintiff's proposed second amended complaint does not include a harassment claim, the claim is dismissed with prejudice.

## V. LEAVE TO AMEND

Plaintiff seeks leave to file a second amended complaint. A court may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The ADEA age discrimination claim and fraud/constructive discharge claim are dismissed without leave to amend as the FAC establishes they are barred by the statute of limitations as a matter of law. Further, Plaintiff's proposed second amended complaint does not include these claims. (Dkt. No. 54-2 ¶¶ 33-47.) The harassment claim is also dismissed without leave to amend as the proposed second amended complaint does not include a harassment claim and Plaintiff has not identified any conduct that would constitute harassment. But leave to amend is granted as to the retaliation claim as the Court cannot determine at this time such a claim is futile.

## CONCLUSION

For the reasons explained above, the Court GRANTS United's motion to dismiss all claims in the FAC. The age discrimination, constructive discharge, and harassment claims are dismissed without leave to amend. Plaintiff is granted leave to amend to file a new second amended complaint that attempts to allege retaliation claims. Plaintiff may not add any new defendants or any other claims to the second amended complaint, including a national origin claim as Plaintiff's proposed second amended complaint does not include facts that plausibly support such a claim. The second amended complaint alleging retaliation must be filed on or before **August 13, 2026**.

---

exhibit. (Dkt No. 54-2 ¶¶ 30-32, 41-44.)

United States District Court
Northern District of California

The Court reminds Plaintiff he may seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 49.

**IT IS SO ORDERED.**

Dated: July 21, 2026

JACQUELINE SCOTT CORLEY
United States District Judge